UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MARIE MORREO,<br>　　　　　　　Movant,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　Respondent. | Case No.: 18-cv-2100-BEN<br>　　　　　　15-cr-2659-BEN<br>**ORDER** |

Movant has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion is filed timely and the motion is denied.

## BACKGROUND

Movant pleaded guilty without a plea agreement and was convicted of importing 9.91 kilograms of methamphetamine with a purity level of 99.7% in violation of 21 U.S.C. § 952 and 960. She was sentenced to 180 months. The sentence was affirmed on appeal. Movant now asserts claims of ineffective assistance of counsel and prosecutorial misconduct.

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). That is the case here.

DISCUSSION

In this case, the Court notes that the PSR calculated Movant's Guideline range as 360 months to life. However, the maximum sentence for the offense as charged was 240 months. Had the government filed an 851 enhancement, which it could have done, rather than a maximum sentence of 240 months, 240 months would have been the minimum mandatory sentence. Sentencing Transcript at 17. The Government calculated the Guideline range as 240 to 240 because of the statutory maximum sentence cap. Movant calculated her Guideline range as 155 to 188 months. Regardless, all agreed that Movant's criminal history score was 16 and criminal history category was VI.

Ultimately, this Court imposed a sentence of 180 months. The sentence was 60 months below the Guidelines range of 240 to 240 as calculated by the Probation Department and as calculated by the government. Against this backdrop, Movant asserts two claims.

Movant asserts her attorney rendered ineffective assistance for several reasons. To prevail on an ineffective assistance of counsel claim, a defendant must show that his attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). There is a "strong presumption" that counsel's conduct is reasonable, *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995), and "[r]eview of counsel's performance is highly deferential." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). To establish "prejudice" under *Strickland's* second prong, a petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Movant has not established either prong of the *Strickland* requirements.

To begin, Movant claims that her counsel should have obtained a psychological evaluation for her. She may have been suffering lingering depressive effects of a difficult childhood. However, Movant identifies no specific evidence of acute mental illness at

2

the time of the offense or during these criminal proceedings that would cause effective counsel to obtain a psychological evaluation.  Her primary argument is that had she been sane, she would not have pleaded guilty without a plea agreement.  This general allegation lacks important specifics and lacks evidentiary support.  Moreover, Movant claims that she wanted to plead guilty early in order to receive a four-level downward departure for fast-track.  Once again, this lacks evidentiary support and would not have changed the outcome.  Even with a fast-track departure, the Guideline range would have been reduced to 235 to 293, barely below the statutory maximum of 240, and still far above the actual sentence of 180 months.  It can be presumed that her attorney understood this and made reasonable strategic decisions.  *Hendricks*, 70 F.3d at 1036.  Movant also argues that her counsel should have objected to her criminal history calculation in the PSR.  However, the calculation was correct, and her attorney presumably knew this and cannot be considered ineffective for not making a known, defective objection. *Id.*

    Movant also argues that her attorney was ineffective at sentencing because he did not "prove" she deserved a minor role reduction.  At the same time, she asserts that the prosecutor committed misconduct by not cross-examining her about her declaration offered in support of her minor role request.  There are several defects in these related arguments.  But the reasons for denying relief on these grounds can be summarized, as follows.

    First, the sentencing transcript confirms that her attorney did zealously advocate for a minor role reduction.  Second, the Court accepted and assumed to be true Movant's last-minute declaration of facts about her role in the offense.  Third, the prosecutor had no obligation to cross-examine Movant about her declaration.  Fourth, the Court decided based on her declaration and her counsel's advocacy that she was eligible, but not entitled, to a minor role reduction.  Fifth, the Court of Appeals considered the argument and affirmed this Court's decision declining to give a minor role reduction.  Finally, even had the minor role reduction been granted, the ultimate sentence imposed would have

remained the same as a sufficient but not greater than necessary sentence in light of all of the section 3553 sentencing factors.

To sum up, there is little to overcome the presumption that her attorney's performance was effective. *Hendricks*, 70 F.3d at 1036. Even assuming, for the sake of argument, that the performance prong was established, Movant has not viably established the prejudice prong as required by *Hill*, 474 U.S. at 56-57. Both prongs must be satisfied for relief. Neither prong has been established. As the Court remarked during the sentencing hearing, "Well, Mr. Stewart, once again, I think you have done an outstanding job on behalf of your client. I have to tell you this. I hope your client understands." Sentencing Transcript at 24.

## CONCLUSION

Movant's claims are denied without hearing because they neither establish a debatable claim of ineffective performance nor resulting prejudice.

The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

## No Certificate of Appealability

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore DENIED.

IT IS SO ORDERED.

DATED: May 6, 2020

HON. ROGER T. BENITEZ
United States District Court Judge